The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| JOHN HAAS AND KRISTEN HAAS, | CASE NO. 10-65025 |
| Debtors. | ADV. NO. 11-6014 |
| VIOLTE MITEV AND MICHAEL MITEV, | JUDGE RUSS KENDIG |
| Plaintiffs, | |
| v. | **MEMORANDUM OF OPINION** |
| JOHN HAAS, | **(NOT INTENDED FOR PUBLICATION)** |
| Defendant. | |

  Defendant John Haas' unopposed motion for summary judgment is before the court. To succeed on his motion, Defendant must prove there are no genuine issues of material fact and that he is entitled to judgment as a matter of law pursuant to Federal Rule of Bankruptcy Procedure 7056.

  The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(I).

  This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

The court's ability to make factual findings is limited by the paucity of information provided. The lack of information may be spurred by the fact that the parties' relationship involved illegal gambling activity, so all parties are traipsing through a patch of poison ivy trying to avoid contamination. Therefore, the following background is provided merely for context and not as findings of fact.

At some point prior to October 18, 2010, Plaintiffs allegedly provided "certain personalty to be used commercially by Defendant." (Compl. ¶ 3) That personalty was gambling equipment. Plaintiffs contend that ownership of the equipment was never transferred to Defendant, but they do not offer any information on the nature of the agreement or the terms. Defendant avers that the agreement was illegal. (Answer ¶ 10)

According to Defendant, "the sheriff confiscated units that were used in gambling activities and released them to Defendant with court ordered instructions to have them removed from the State of Ohio within 24 hours with which Defendant complied as the alleged owner of the units." (Answer ¶ 8) Plaintiffs' version of the events is "Defendant, without notice to or permission of Plaintiffs, converted and sold all of that personalty to an unidentified third party and retain for himself alone all sale proceeds therefrom." (Compl. ¶ 3)

Plaintiffs then sued Defendant in Stark County Common Pleas Court "seeking damages for . . . fraudulent inducement and conversion and seeking replevin of personalty." (Compl. ¶ 2) They filed the state court complaint on October 18, 2010. Shortly after that complaint was filed, Defendant and his wife filed for bankruptcy relief. Plaintiffs filed this nondischargeability action under § 523(a)(2)(A). They claim that when Defendant entered into the agreement with them, he had "no then-present intention to honor that agreement, thereby fraudulently inducing Plaintiffs to enter into the subject verbal agreement." (Compl. ¶ 5) Defendant denies the allegation.

## LAW AND ANALYSIS

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56 into bankruptcy practice, and states, in applicable part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

2

Fed. R. Bankr. P. 7056. The movant bears the initial burden of proof, being tasked with the "responsibility of informing the . . . court of the basis for its motion, and identifying those portions [of the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Defendant submitted an affidavit with his motion for summary judgment, stating and averring "[a]t no time in my life have I entered into an agreement with Violet Mitev, Michael Mitev, MM Management, individually or as a group, with the intention of not completely performing said agreement." (Def's Aff. ¶ 2) Intent is a required element of a § 523(a)(2)(A) claim:

> In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

Rembert v. AT&T Universal Card Serv., Inc. (In re Rembert), 141 F.3d 277, 280-81 (6th Cir. 1998) (footnote omitted) (citing Longo v. McLaren (In re McLaren), 3 F.3d 958, 961 (6th Cir. 1993)).

Defendant's affidavit establishes a lack of intent to deceive Plaintiffs and constitutes a properly supported factual position under Rule 56(c)(1). Plaintiffs' failed to respond and counter his lack of intent to deceive. Defendant therefore established not only an absence of a question of material fact on his intent, but also the absence of a required element of proof on Plaintiffs' § 523(a)(2)(A) claim. Consequently, the court will grant Defendant's motion for summary judgment.

An appropriate order shall be entered concurrently with this opinion.

#   #   #

3

**Service List:**

Craig T Conley
220 Market Ave S
#604
Canton, OH 44702

Jessica Ann Hoffman
Hoffman Law Offices, LLC
116 Cleveland Ave NW
Suite 700
Canton, OH 44702